UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICE F. SLEET,

      Plaintiff,

v.           Case No. 1:04-CV-231

COMMISSIONER OF SOCIAL        HON. GORDON J. QUIST
SECURITY,

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections To Magistrate Judge Brenneman's Report and Recommendation issued on June 9, 2005, in which the magistrate judge recommended that the Commissioner's decision denying Plaintiff Social Security disability insurance benefits be affirmed pursuant to 42 U.S.C. § 405(g). The magistrate judge concluded that the ALJ's determination that Plaintiff was not under a "disability" prior to May 18, 2003, was supported by substantial evidence. In particular, the magistrate judge found that, contrary to Plaintiff's arguments, the ALJ properly evaluated the medical record in determining Plaintiff's residual functional capacity ("RFC") and that the ALJ did not err in finding that Plaintiff's complaints of disabling pain were not supported by objective medical evidence. After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Plaintiff raises two arguments in her objections. First, she contends that the magistrate judge erroneously concluded that she does not meet the second prong of the two-prong test set forth in Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), for evaluating complaints of disabling pain. The second prong requires that "(1) there must be objective medical

evidence to confirm the severity of the alleged pain arising from that condition, or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain." Id. at 853. Plaintiff cites two medical tests, an October 17, 2000, EMG performed on Plaintiff's right leg and the results of a February 2001 MRI showing central disc annular bulges at L5-S1 with the possibility of a subligamentous annular tear. The Court rejects this argument because, as the magistrate judge noted, this evidence does not show that Plaintiff's condition is so severe that it can reasonably be expected go give rise to the alleged pain. The MRI showed an essentially normal lumbosacral spine with only degenerative annular disc changes at the L4-5 level without disc herniation or definable spinal canal stenosis. Similarly, the EMG showed only mild L4 radiculopathy with slight loss of motor unit recruitment. Moreover, the magistrate judge observed that Plaintiff had no history of nerve root compression or other structural deformity in the back and that the normal degenerative changes in Plaintiff's spine are not so severe that they could be reasonably expected to produce disabling pain. Plaintiff has failed to show why the magistrate judge's analysis of this issue was erroneous.

Plaintiff's second argument is that the magistrate judge did not consider evidence from Dr. John S. Pai, a state agency physician, regarding Plaintiff's mental limitations. Plaintiff contends that Dr. Pai's opinions are consistent with the opinions of Plaintiff's counselor, D. Gritter. This argument fails because Dr. Pai's opinions are non consistent with the opinions of D. Gritter. Incidentally, the Court notes that the ALJ gave little weight to D. Gritter's assessment on the basis that he was not an accepted medical source, and Plaintiff does not argue that the ALJ erred in doing so. As for Dr. Pai's opinions, the Court notes that the ALJ adopted Dr. Pai's opinions of Plaintiff's moderate limitations in Section I of the mental RFC assessment form. (A.R. at 26, 278-79.) Dr. Pai's mental RFC assessment in Section III of the form was that Plaintiff could perform unskilled

work. (A.R. at 280.) The ALJ adopted Dr. Pai's RFC of unskilled work, but added a further restriction from "frequent or sustained interaction with co-workers and the general public." (A.R. at 26.) Because the ALJ not only considered, but adopted with further limitations, Dr. Pai's RFC, Plaintiff has failed to show that Dr. Pai's opinions and conclusions supported a different result.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 9, 2005 (docket no. 11), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.


Dated: September 30, 2005              /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE